UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

SCOTT MacARTHUR ]
    Plaintiff, ]
  ]
v. ] No. 1:13-0144
  ] JUDGE HAYNES
CITY OF LEWISBURG, TENNESSEE, ]
et al. ]
    Defendants. ]

MEMORANDUM

Plaintiff, Scott MacArthur, an inmate at the Marshall County Jail in Lewisburg, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: City of Lewisburg; Marshall County, Tennessee; J. Stephen Broadway, a former prosecutor in Marshall County; Michelle Danford, a resident of Marshall County; John Colley, a member of the Maury County Bar; Sergio McKlean, a detective with the Marshall County Sheriff's Department; Sabrina Patterson, Administrator of the Marshall County Jail; and Todd Knois, a member of the staff at the Marshall County Jail; seeking damages.

According to Plaintiff's complaint, on April 3, 2013, Michelle Danford was arrested for an aggravated domestic assault on the Plaintiff. Two weeks later, the Plaintiff was arrested on an unrelated charge and was taken to the Marshall County Jail. According to documents attached to the complaint, Plaintiff was subpoenaed to appear at a hearing on the charge against Michelle Danford. Plaintiff informed members of the staff at the Marshall County Jail of the subpoena, but the jail officials refused to transport him to the hearing. According to Plaintiff, absent his testimony,

the charge against Michelle Danford was dismissed. Plaintiff alleges that he was a victim who was not allowed to testified against his assailant in violation of his constitutional rights.

To state a claim for § 1983 relief, the Plaintiff allege facts that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. As a matter of law, a private citizen lacks a judicially cognizable interest in the criminal prosecution of another individual or entity. Leeke v. Timmerman, 454 U.S. 83, 86 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Diamond v. Charles, 476 U.S. 54, 64-65 (1986). Thus, the Plaintiff's federal rights were not implicated for the Defendants alleged failure to transport Plaintiff to a hearing to testify against Michelle Danford and Plaintiffs facts to state a claim upon which relief can be granted in a § 1983 action.

Absent an actionable claim, the Court must dismiss his complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). An appropriate Order is filed herewith.

ENTERED this the ___ day of December 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court